IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | |
|---|---|
| Plaintiff, | Case No. 3:16-cr-11-3 |
| v. | **ORDER DENYING MOTION TO CHANGE VENUE** |
| Robert Reynoso, | |
| Defendant. | |

Before the court is Defendant Robert Reynoso's *pro se* Motion to Change Venue.[1] Reynoso seeks to change the venue for his trial to the Ninth Circuit, preferably Los Angeles, California, or Phoenix, Arizona.[2] Reynoso asserts four bases for a change of venue: (1) North Dakota is prejudiced against "Mexicans;" (2) Los Angeles and Phoenix each have a nexus to the alleged conspiracy and have a much larger less biased Hispanic population; (3) he and co-defendant Mary Rodriguez-Noriega are not from North Dakota and are prejudiced by being forced to try their case in North Dakota; and (4) change of venue is mandated by Federal Rule of Criminal Procedure 18.[3]

Pursuant to constitutional design, a defendant is tried in the state where the crime was committed.[4] "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which

---

[1] Doc. #199.

[2] Id.

[3] Id.

[4] Skilling v. United States, 561 U.S. 358, 377–78 (2010) (quoting U.S. Const. art. III, § 2, cl. 3).

such offense was begun, continued, or completed."[5] For conspiracy, venue is proper in any jurisdiction where any conspirator committed an overt act in furtherance of the conspiracy.[6]

Even when a case is properly triable in one jurisdiction, it may be an inappropriate venue because the "Sixth Amendment secures to criminal defendants the right to a trial by an impartial jury."[7] A transfer of venue to another jurisdiction with venue may be appropriate under the circumstances of the case. Federal Rule of Criminal Procedure 21 indicates that a "court must transfer the proceeding . . . to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."[8] The court will transfer a defendant's proceedings to a different district "if extraordinary local prejudice will prevent a fair trial."[9] Federal Rule of Criminal Procedure 18 states that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."[10]

Venue is proper in this court for the count of conspiracy to possess with intent to distribute and distribute a controlled substance and for the count of money laundering conspiracy. The indictment alleges that drugs were transported to North Dakota, that drugs were sold in North

---

[5] 18 U.S.C. § 3237(a).

[6] United States v. Overshon, 494 F.2d 894, 900 (8th Cir. 1974) (citing Hyde v. United States, 225 U.S. 347 (1912)).

[7] Skilling, 561 U.S. at 377.

[8] Fed. R. Crim. P. 21(a).

[9] Skilling, 561 U.S. at 378.

[10] Fed. R. Crim. P. 18.

2

Dakota, that money was accumulated in North Dakota, and that co-conspirators aggregated money and deposited it in North Dakota banks to money launder. This conspiracy has a North Dakota nexus and venue is proper in North Dakota.

Reynoso's motion asserts that he will not receive a fair trial in North Dakota because he will suffer prejudice here. Aside from claiming that a North Dakota jury would be prejudiced against him, Reynoso has made no effort to establish the existence of any prejudice. He has conducted no survey of literature or media demonstrating that the case presents one of unusual interest or the existence of bias or prejudice against him. He has pointed to no indication that North Dakota juries have a history of bias against Hispanics, nor that Hispanics have been discriminated against in the local community. In short, he simply asserts an inability to obtain an impartial jury without any basis for making the claim. By definition such a claim is conclusory. In addition, transfer of venue for the purpose of obtaining a more sympathetic jury pool is an inappropriate consideration,[11] and a defendant is not entitled to a jury of a particular racial composition.[12] Reynoso's own personal beliefs on how the residents of North Dakota view "Mexicans" are completely unsupported and fail to demonstrate that extraordinary local prejudice exists against him. Any concerns about racial prejudice can be addressed in voir dire, and the trial will take place in the Eastern Division of the District of North Dakota, which has the largest Hispanic population in the state.

---

[11] United States v. Jordan, 223 F.3d 676, 686 (7th Cir. 2000) (alleged bombers of a military recruiting station in Chicago for express purpose of advancing claim for Puerto Rican independence not entitled to transfer of venue to Puerto Rico).

[12] Mallett v. Bowersox, 160 F.3d 456, 461 (8th Cir. 1998) (citing Taylor v. Louisiana, 419 U.S. 522, 538 (1975)).

Lastly, many witnesses are from North Dakota, and their convenience outweighs the amorphous claims of the defendant. If Reynoso needs to call a witness who resides in California or Arizona, the United States District Courts have nationwide service of process in criminal matters, which allows the court to compel witnesses to attend court in North Dakota and to reimburse them for their travel expenses in cases where the defendant establishes both that the witness is necessary and the defendant lacks the ability to pay the witness fees.[13]

Reynoso's argument is insufficient as a matter of law to demonstrate that a transfer of venue is necessary for him to receive a fair trial. His Motion to Change Venue is **DENIED.**

**IT IS SO ORDERED.**

Dated this 9th day of March, 2018.

Sitting by designation:

   /s/   Ralph R. Erickson
Ralph R. Erickson, Circuit Judge
Eighth Circuit Court of Appeals

---

[13] Fed. R. Crim. P. 17(b).